JULIUS A. KOHN, Appellant, *v.* MALCOLM HENDERSON,
Respondent.

*Supreme Court, Second Department, General Term, February* 10, 1890.

*Bills, etc.    Voucher.*—No action can be maintained on a note which was
given merely as a voucher for money advanced, and never intended or
expected to be paid.

Appeal from judgment in favor of defendant, entered on
verdict directed by the court.

This action was brought to recover upon two promissory
notes, one dated October 14, 1886, for $12,874, and the
other dated November 19, 1886, for $3,000.

The plaintiff brings the action as assignee of J. A. Kohn
& Co.

The defendant alleges in his answer as a defense, that he
was a copartner of the firm of J. A. Kohn & Co., and that
the notes were executed as vouchers merely of moneys ad-
vanced to him for the benefit of said firm, to be invested in
the building of a railroad in Texas, and not to be paid by
him personally.

A contract between defendant and plaintiff's firm recited
that the parties were considering the expediency of building
a certain railroad and desired a charter and right of way, and
that defendant had agreed to devote his time to that pur-
pose, and plaintiff's firm thereby agreed to advance $5,800
on defendant's note, with security, and that if said firm
should determine to invest more in the enterprise they would
deposit $25,000 and become jointly interested therein with
defendant to the extent of one-half of the stock, etc., after
repaying their advances.    Subsequently another contract
was made, by which said firm agreed to furnish capital to
equip twenty miles of road, and if they did not, then upon

repayment of the sums advanced on defendant's notes at maturity their interest in the enterprise should cease.

*Nathan Bijur*, for appellant.

*Moore & Moore*, for respondent.

DYKMAN, J.—This is an action on two promissory notes, and the defense is that they never were commercial paper, and were executed by the defendant merely as vouchers for money advanced by the plaintiff and his associates, to be disbursed by the defendant for the promotion of a railroad enterprise in which all the parties were interested, and that there never was any intention or expectation that the note would be paid.

The testimony produced on the trial, and the circumstances surrounding the transaction, support the theory of the defendant, and the trial judge directed a verdict in his favor.

We concur in the views expressed by the trial judge in his assignment of his reasons for directing a verdict for the defendant, and we find no necessity for any extended remarks at this time.

The judgment should be affirmed, with costs.

BARNARD, P. J., and PRATT, J., concur.